# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
CASE NO.  08-61240-CIV  COOKE/BANDSTRA

JUAN F. RAMOS,

     *Plaintiff*,

v.

GOODFELLAS BROOKLYN'S FINEST
PIZZERIA, LLC*, et al.*,

     *Defendants*.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

**THIS MATTER** is before the Court upon Defendants' Motion to Dismiss [DE 8].

Defendants' also move this Court to consider the motion in the alternative, as a motion for

summary judgment.  The Motion has been fully briefed and is ripe for adjudication.

Since Defendants failed to set forth the standard for a motion to dismiss and failed to

indicate whether they were moving under Rule 12(b)(1) or 12(b)(6)[1], and because Plaintiff has

cited the old, now retired *Conley v. Gibson* standard, a lengthy, if rote, recitation of the

appropriate standard is required.

"When considering a motion to dismiss, the Court must accept all of the plaintiff's

allegations as true in determining whether a plaintiff has stated a claim for which relief could be

granted."  *Holtzman v. B/E Aerospace, Inc.,* 2008 WL 214715, *1 (S.D. Fla Jan. 24, 2008)

(referring to a Motion to Dismiss filed under Rule 12(b)(6)) (citation omitted).  The complaint

_____

[1]Although Plaintiff presents argument why subject matter jurisdiction exists, Defendants'
Motion and Reply brief make relatively clear that Defendants are not directly challenging
jurisdiction.  Whether this was planned or accidental does not matter, as such a claim would
quite likely have failed.  *See Galdames v. N&D Invest. Corp.*, Case No. 08-20472-CIV, 2008 WL
4372889, *1 n.1 (S.D.Fla. Sept. 24, 2008).

may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts . . . ." standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. "A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations-on their face-show that an affirmative defense bars recovery on the claim." *Marsh*, 268 F.3d at 1022. Finally, at the motion to dismiss stage, under Fed. R. Civ. P. 12(b)(6), a court can only examine the four corners of a complaint. *Crowell v. Morgan Stanley Dean Witter Servs., Co., Inc.*, 87 F. Supp.2d 1287 (S.D. Fla. 2000).

Here, Plaintiff has more than sufficiently pleaded a claim. The Complaint sets forth allegations which, if accepted as true, subject Defendants to liability under the FLSA. Both the interstate commerce and gross annual sales volume requirements for enterprise coverage are alleged to have been met**,** and Plaintiff has clearly stated his allegations regarding hours worked and compensation not paid. In fact, Defendants have not challenged the Plaintiff's allegations regarding the number of hours worked and the alleged failure to pay overtime wages, but have instead focused only on the question of coverage under the FLSA. Accordingly, Defendants' Motion to Dismiss [DE 8] is **DENIED**.

Turning to the "alternative" Motion for Summary Judgment, it is apparent that at the current juncture, this motion must also be denied. Summary judgment is proper when the

evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue as to any material fact and compels judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Only the existence of a genuine issue of material fact, as opposed to a simple factual dispute, will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).  No genuine issue of material fact exists when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.

Where there has not yet been any discovery, let alone an "adequate opportunity for discovery," summary judgment is simply not appropriate or warranted.  *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.,* 859 F.2d 865, 870 (11th Cir. 1988) ("This court has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery.") (citations omitted).  Specifically, the *Snook* Court stated:

> The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. *Parrish v. Board of Commissioners of the Alabama State Bar*, 533 F.2d 942, 948 (5th Cir.1976). If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. *Id*. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests. *Cowan v. J.C. Penney Company, Inc*., 790 F.2d 1529, 1532 (11th Cir.1986).

Furthermore, Defendants' argument that their motion should be granted because Plaintiff failed to

file an opposing affidavit is without merit.  The state of the law in the Eleventh Circuit regarding

the response affidavit called for in Rules 56(e) and (f) is far from pellucid.  But, Defendants'

statement that Plaintiff's have relied on outdated case law is disingenuous at best, and the cases

relied upon by Defendants to support the affidavit requirement are not controlling.   The case

relied upon by Plaintiff, *Fernandez v. Bankers Nat. Life Ins. Co.,* makes explicit that

> [i]n this circuit, however, the opposing party need not file an
> affidavit pursuant to Federal Rule of Civil Procedure 56(f) in order
> to invoke the protection of that rule because " 'the written
> representation by [the opposing party's] lawyer, an officer of the
> court, is in the spirit of Rule 56(f) under the circumstances.' "
> *Snook,* 859 F.2d at 871 (quoting *Littlejohn v. Shell Oil Co.,* 483
> F.2d 1140, 1146 (5th Cir.) (en banc), *cert. denied,* 414 U.S. 1116,
> 94 S.Ct. 849, 38 L.Ed.2d 743 (1973)). This circuit recognizes that
> the interests of justice sometimes require postponement in ruling
> on a summary judgment motion, although the technical
> requirements of Rule 56(f) have not been met.

906 F.2d 559, 570 (11th Cir. 1990).  *Fernandez* has not been explicitly or implicitly overruled or

abrogated.  Nor has *Snook.* 859 F.2d at 870 ("In this Circuit, a party opposing a motion for

summary judgment need not file an affidavit pursuant to Rule 56(f) of the Federal Rules of Civil

Procedure in order to invoke the protection of that Rule.").  The *Stout v. St. Amour's Lawn Care,*

*LLC.* case Defendants rely on briefly discusses the conflicting case law, but ultimately holds that

"for the purposes of the instant motion, it is unnecessary to decide the precise form a Rule 56(f)

request must take."  Case No. 07-cv-1882-Orl-19UAM2008, 2008 WL 816818, *4 (M.D.Fla.

Mar. 25, 2008).  Additionally, both Eleventh Circuit cases Defendants cite to support the

affidavit requirement are unpublished and non-binding.  *See Bevan v. Durling,* 243 Fed. Appx.

458 (11th Cir. 2007); *Robinson v. Adventist Health Sys.,* No. 06-13828, 2007 WL 4374408, *1

(11th Cir. Dec.17, 2007).

Thus, the Court concludes that Defendants' Motion for Summary Judgment must be

denied and Plaintiff should be permitted to conduct discovery prior to responding to that motion. Such discovery should allow Plaintiff to develop evidence, if any, that Defendants qualify as an enterprise for FLSA purposes, including evidence regarding the purchase of supplies and equipment used by Plaintiff or other employees.  Accordingly Defendants' Motion for Summary Judgment [DE 8] is **DENIED** *without prejudice*.  Defendants may renew their motion after the close of discovery.  Further, the Court having denied both the Motion to Dismiss and the Motion for Summary Judgment, Defendants' Motion to Stay Discovery [DE 17] is **DENIED** *as moot*.

Lastly, a word of warning is in order.  The Court does not take lightly allegations of attorney malfeasance and malicious prosecution, especially where it has found that the Complaint was properly pleaded and summary judgment is inappropriate.  As discussed above, Defendants make much of Plaintiffs' failure to file an affidavit opposing the so-called "irrefutable" evidence presented in Matthew Brenner's affidavit.  The Court expresses no opinion on the statements made in the affidavit, but has already found that an opposing affidavit was not required here. Defendants fail to recognize that the Court could easily strike Mr. Brenner's affidavit for an inconsistency that would appear to invalidate the affidavit.  Specifically, the affidavit states "Before the undersigned personally appeared *Edward Cherry* who sayeth the following:  1.  My name is *Matthew Brenner* . . . ."  *See* DE 8 (emphasis added).  In addition, Defendants' representation of *Stout* as holding that an affidavit is required, when the court explicitly avoided addressing the issue, verges on misrepresentation of the law.  Counsel for both parties are encouraged to now focus on discovery and resolving this matter in a respectful manner.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of October 2008.

MARCIA G. COOKE
United States District Judge

5

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*