UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-61240-CIV COOKE/BANDSTRA

JUAN F. RAMOS,

    *Plaintiff*,

v.

GOODFELLAS BROOKLYN'S FINEST
PIZZERIA, LLC, *et al.*,

    *Defendants*.

_____/

## ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

**THIS MATTER** is before the Court upon the parties' cross-motions for summary judgment. *See* DEs 32, 36. Because genuine issues of material fact exist in several arguments advanced by the respective parties, the motions are, with two exceptions, denied.

**I.    BACKGROUND**

The basic facts of this case are quite simple. Plaintiff, Juan F. Ramos ("Ramos"), was employed by Goodfellas Brooklyn's Finest Pizzeria, LLC ("Goodfellas") from September 1, 2006 until late December 2007. Goodfellas was owned and managed, in part, by Matthew Brenner ("Brenner"). After his termination, Plaintiff filed suit against Goodfellas and Brenner under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), seeking overtime compensation and liquidated damages. Defendants filed a motion to dismiss and alternative motion for summary judgment, both of which were denied by the Court. The motion to dismiss was denied because the Court determined that Plaintiff did properly plead a claim. The motion for summary judgment was denied without prejudice, essentially as premature, because there had been no discovery yet on the motion's core argument that Goodfellas did not qualify as an "enterprise" under the FLSA.

There is no dispute that Ramos was the head cook and was heavily involved in both food preparation and cooking. He was also involved in setting the menu, helping maintain the inventory, and supervising or directing certain other kitchen staff. However, the extent of Plaintiff's "managerial" duties and responsibilities, compared to his preparation and cooking duties is in dispute. These factual disputes go directly to the question of whether Plaintiff was employed in a "bona fide executive capacity," and therefore not subject to the FLSA overtime provisions.

Defendants have also argued that they are not an "enterprise" for purposes of liability under the FLSA. Because there are not material facts in dispute on this issue, it is ripe for adjudication.[1]

## II.   STANDARD OF REVIEW

Summary judgment is proper when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue as to any material fact and compels judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Only the existence of a genuine issue of material fact, as opposed to a simple factual dispute, will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). No genuine issue of material fact exists when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

---

[1] Defendants further argue that Plaintiff's claims are baseless and without merit because Plaintiff admitted at deposition that Defendants had paid him all monies he was owed. This argument is disingenuous at best. Although in one part of the deposition Plaintiff does state "[Defendants] paid me everything until the day I stopped working"(Deposition of Juan F. Ramos, 38:21-25, Nov. 12, 2008) he later states that he was not paid overtime (*Id.* at 43:22 - 44:2) and that he is seeking overtime pay (*Id.* at 58:14-21).

### III.     DISCUSSION

To begin with, because there are genuine issues of material fact with regard to the work Plaintiff performed and was expected to perform, summary judgment on the question of the "bona fide executive capacity" exemption is inappropriate.  Accordingly, I must deny the parties' respective motions for summary judgment on that ground.  Turning to the arguments on enterprise liability coverage, I find that Goodfellas does constitute an enterprise for purposes of liability under the FLSA.

The FLSA requires an employer to pay one-and-one-half times the regular rate of pay to an employee for all time worked in excess of forty hours in a week, so long as that employee is "engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce." 29 U.S.C. §207(a). An "Enterprise engaged in commerce or in the production of goods for commerce" is defined in Section 203(s) of the FLSA:

> (1) "Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that--
>
> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

First, there is no dispute that Goodfellas' annual gross volume of sales made of business done was less than the $500,000 statutory minimum for the year 2006.  Accordingly, Defendants' motion for summary judgment, only as it pertains to 2006, must be granted.  Defendants concede that in calendar year 2007 Goodfellas met or exceeded the $500,000 minimum, but still argue that Goodfellas did not engage in commerce because its services are purely local and all supplies

were purchased from within Florida.

As recently as September 2008 I directly addressed a very similar argument. *See Galdames v. N & D Inv. Corp.,* No. 08-20472-CIV, 2008 WL 4372889 (S.D.Fla. Sep 24, 2008).[2] There is no need to address Defendants' argument that *Galdames* is distinguishable, because an even more recent case succinctly states why Defendants' arguments must fail. Judge Seitz, in *Exime v. E.W. Ventures, Inc.*, No. 08-60099-CIV, 2008 WL 5381294, *5 (S.D.Fla. Dec. 23, 2008), stated:

> Defendants also cite the following case law to support their narrow interpretation of § 203(s)(1)(A)(i) and to minimize the jurisdictional implications of the 1974 amendment, namely: *Dunlop v. Industrial Am. Corp.*, 516 F.2d 498 (5th Cir.1975); *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264,1267 (11th Cir.2006); *Scott v. K.W. Max Investments, Incorporated*, 256 Fed.Appx. 244, 248 (11th Cir.2007); *Navarro v. Broney Automotive Repairs, Inc.*, 533 F.Supp.2d 1223 (S.D.Fla.2008); *Bien-Aime v. Nanak's Landscaping, Inc.*, 572 F.Supp.2d 1312, 1317 (S.D.Fla.2008); *Polycarpe v. E & S Landscaping Service, Inc.*, 572 F.Supp.2d 1318 (S.D.Fla.2008); *Milbourn v. Aarmada Protection Systems 2000, Inc.*, --- F.Supp.2d ----, ---- - ----, 2008 WL 5044550, * at 4-5 (S.D.Fla.2008); *Monelus v. Tocodrian, Inc.*, Case No: 07- 61801-WPD-DE-40; *Velasquez v. All Florida Security Corp.*, Case No: 07-23159- JLK-DE-25. This precedent, however, is distinguishable for a number of reasons. For example, *Thorne* and *Navarro* are inapplicable, because they merely dealt with individual FLSA coverage. The *Dunlop* decision stands for the narrow proposition that employers could properly raise the ultimate consumer defense, *prior* to the 1974 amendment to § 203(s)(1)(A)(i). *See Dunlop*, 516 F.2d at 502 ("prior to its amendment in 1974 the Fair Labor Standards Act did not reach enterprises which provided only services ... and did not pass on any goods obtained from interstate commerce"). Finally, *Scott*, *Bien-Aime*, *Polycarpe*, *Milbourn*, *Monelus*, and *Velasquez* do not consider § 203's legislative history, and more specifically, the 1974 Senate Report. In short, and despite Defendants' countervailing

---

[2] The Court also recently entered an order denying defendants' motion for reconsideration in *Galdames*. *See Galdames*, No. 08-20472-CIV, slip op. at 5 (S.D.Fla. Jan. 27, 2009) (stating that the ultimate-consumer doctrine, as presented in *Dunlop v. Industrial Am. Corp.*, 516 F.2d 498 (5th Cir. 1975) does not apply to enterprise liability cases which are subject to the FLSA as amended in 1974).

> arguments, the Court has determined that the "ultimate consumer" defense has been significantly constricted by the 1974 amendment to § 203(s)(1)(A)(i), as clarified by the corresponding legislative history. Thus, the enterprise commerce test, quite simply, embraces all businesses whose employees regularly handle materials previously moved across inter-state lines.

*Exime*, 2008 WL 5381294, *5 (footnotes omitted).  Accordingly, Defendants' argument that they did not "engage in commerce," because all of their purchases were intrastate, fails.  Furthermore, the Defendants did not argue that Goodfellas did not have two or more employees regularly and recurrently engaged in "handling, selling or otherwise working on goods that have been moved in or produced for commerce[.]" So, all that needs to be examined is what goods or materials employees, including Plaintiff, handled or worked with at Goodfellas.

Plaintiff's statement of facts lists multiple goods and materials regularly and recurrently handled, sold, or otherwise worked with by employees of Goodfellas.  Examples of those goods and materials include: ovens manufactured in New Rochelle, New York; flour manufactured in Quincy, Massachusetts; pasta manufactured in Bannackburn, Illinois; a Globe meat slicer manufactured in Connecticut; and Latex Gloves made in Thailand and distributed by Handgards based in El Paso, Texas.  Additionally, Plaintiff lists a slew of foodstuffs manufactured or produced outside of Florida that were used in preparing menu items.  Defendants have not disputed any of the materials or goods listed by Plaintiff.

## IV.   CONCLUSION

Genuine issues of material fact exist that preclude the entry of summary judgment on the question of whether Plaintiff was an exempt "bona fide executive capacity" employee under the FLSA.  However, no genuine issues of material fact exist to preclude summary judgment on the question of enterprise liability.  For the calendar year 2006, Defendants do not meet the statutory definition of an "Enterprise engaged in commerce or in the production of goods for commerce"

because the business' annual gross volume of sales made or business done was less than $500,000.  However, for the calendar year 2007, Defendants conceded that they met the volume of sales requirement, and I have found that Defendants' had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person during Plaintiff's employment period in 2007.  Therefore, it is hereby **ORDERED and ADJUDGED** as follows:

(1) Defendants' Motion for Summary Judgment [DE 32] is **GRANTED** to the extent that no enterprise liability existed for the calendar year 2006;

(2) Plaintiff's Cross-Motion for Summary Judgment [DE 36] is **GRANTED** to the extent that Defendants are found to have been an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA during the calendar year 2007;

(3) Defendants' Motion for Summary Judgment [DE 32] and Plaintiff's Cross-Motion for Summary Judgment [DE 36] are both **DENIED** with respect to the question of Plaintiff's status as a "bona fide executive capacity" employee.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4TH day of February 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*