UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 08-61240-CIV-COOKE/BANDSTRA

JUAN F. RAMOS, on his own behalf and
others similarly situated,

     Plaintiff,

v.

GOODFELLAS BROOKLYN'S FINEST PIZZERIA, LLC,
a Florida Limited Liability Company, and
MATTHEW BRENNER, individually,

     Defendants.
_____/

## JOINT PRETRIAL STIPULATION

The Parties, JUAN F. RAMOS, GOODFELLAS BROOKLYN'S FINEST PIZZERIA, LLC,

and MATTHEW BRENNER, by and through their undersigned counsel and in accordance with the

Court's September 17, 2008 Order Setting Trial, hereby file their Joint Pretrial Stipulation.  The

numbered paragraphs of this Stipulation correspond to the numbered paragraphs of S.D. Fla. Local

Rule 16.1.E.

1.     **Short Concise Statement of the Case.**

     **Plaintiff's Statement**

     Plaintiff, JUAN F. RAMOS, is seeking unpaid overtime wages from Defendants,

GOODFELLAS BROOKLYN'S FINEST PIZZERIA, LLC and MATTHEW

BRENNER, for work Plaintiff performed as a cook between January 2006 and

December 2007.  Plaintiff alleges that Defendants paid him a weekly salary of

$650.00 in gross wages (between check and cash wages combined) without paying

time and one-half his regular rate of pay for any of his overtime hours worked.

During the 50 work weeks at issue between approximately January 2007 and December 2007, Defendants did not maintain time records of Plaintiff's daily start times, stop times, or actual hours worked each week.  Plaintiff alleges that he worked an average of Twelve (12) to Thirteen (13) hours per day totaling Sixty (60) hours or more hours per week and that his primary job duties were cooking and preparing food in Defendants' kitchen.

**<u>Defendants' Statement</u>**

Defendant, GOODFELLAS BROOKLYN'S FINEST PIZZERIA, LLC, is a small family-owned restaurant in Coral Springs, Florida, and Defendant, MATTHEW BRENNER, is one (1) of the managing member(s) of Goodfellas who spent on average five (5) hours per week performing routine bookkeeping activities on behalf of Goodfellas and its employees.  The time and payroll records were maintained by Goodfellas' independent certified public accountant, Wolfson & Associates. Plaintiff, JUAN F. RAMOS, is a former head chef of Goodfellas who is seeking unpaid overtime wages from Defendants for work performed between January 2007 and December 2007, comprising a total of fifty (50) work weeks.  In response to the Plaintiff's allegations, the Defendants state that Mr. Ramos was a salaried employee at Goodfellas throughout his entire employment period who was exempt from the overtime wage provisions of the Fair Labor Standards Act ("FLSA") as a bona fide executive, thus was not entitled to time and one-half the regular rate of pay for any alleged overtime hours worked.  Moreover, Mr. Ramos was manager of the kitchen at Goodfellas and was responsible for keeping time schedules of all kitchen employees.

In Addition, Mr. Ramos was paid every dollar owed by Goodfellas and was terminated in December 2007 for unprofessional behavior including threatening a co-worker with a dangerous weapon and sexually harassing a co-worker. Subsequently, eight (8) months after being terminated, Mr. Ramos raised the instant complaint about not being paid overtime wages, however, the underlying cause for the instant lawsuit relates to Mr. Ramos' financial difficulties and resentment about being terminated rather than alleged overtime wages not being paid. Lastly, the Defendants allege that they were not engaged in interstate commerce consistent with the requirements of the FLSA.

2.    **Basis of Federal Jurisdiction.**

The basis for this Court's jurisdiction is the Fair Labor Standards Act, 29 U.S.C. §216(b). This action is brought pursuant to the overtime provisions of the FLSA, 29 U.S.C. §207.

3.    **The Pleadings Raising the Issues.**

A.    Plaintiff's Complaint [D.E. #1].

B.    Defendants' Answer & Affirmative Defenses [D.E. #29].

4.    **List of all Undisposed Motions and Other Matters Pending.**

A.    As the parties may read deposition transcripts, it is anticipated that the parties will have objections to certain portions either party intends to read. The parties intend to share with the other the intended portions to read and such objections will be brought to the Court's attention prior to the start of trial.

B.    As the Plaintiff Juan Ramos, and potentially several of the witnesses, speak

primarily Spanish, an interpreter will need to be arranged for all formal Court proceedings.

5.   **Concise Statement of Uncontested Facts Which Require No Proof at Trial.**

A.   JUAN F. RAMOS was employed by GOODFELLAS BROOKLYN'S FINEST PIZZERIA, LLC between January 2007 and December 2007.

B.   JUAN F. RAMOS worked a total of fifty (50) work weeks between January 2007 and December 2007.

C.   GOODFELLAS BROOKLYN'S FINEST PIZZERIA, LLC did not record or maintain records of the daily start and stop times Mr. Ramos worked each day between January 2007 and December 2007 [**Defendants position: Defendants object and contend that this is an issue to be determined at trial**].

D.   GOODFELLAS BROOKLYN'S FINEST PIZZERIA, LLC did not record or maintain records of the number of actual hours Mr. Ramos worked each work week between January 2007 and December 2007. [**Defendants position: Defendants object and contend that this is an issue to be determined at trial**].

E.   GOODFELLAS BROOKLYN'S FINEST PIZZERIA, LLC did not pay Mr. Ramos any overtime wages during the course of his employment. [**Defendants position: Defendants object and contend that this is an issue to be determined at trial**].

6.      **Statement of Issues of Fact Which Remain to be Litigated at Trial**

A.      Did MR. RAMOS work in excess of Forty (40) hours per week during any week of his employment with GOODFELLAS BROOKLYN'S FINEST PIZZERIA, LLC between January 2007 and December 2007.

B.      Whether GOODFELLAS BROOKLYN'S FINEST PIZZERIA, LLC had two or more employees regularly and recurrently engaged in handling, selling, or otherwise working on goods that have been moved in or produced for commerce. **[Plaintiff's position: Plaintiff maintains that this issue was resolved in the Court's Order on Cross-Motions for Summary Judgment when it ruled that Defendants were an enterprise, subject to FLSA coverage for the year 2007. [D.E.#51]. Defendants position: Defendants maintain that the Court only ruled on the elements of enterprise coverage presented in their Motion for Summary Judgment, and thus this element of enterprise coverage is still at issue].**

C.      What were MR. RAMOS's primary job duties while employed by GOODFELLAS BROOKLYN'S FINEST PIZZERIA, LLC between January 2007 and December 2007.

D.      How much in total weekly wages did GOODFELLAS BROOKLYN'S FINEST PIZZERIA, LLC pay MR. RAMOS during each work week between January 2007 and December 2007.

E.      How much, if any, overtime compensation is Plaintiff owed from either Defendant under the FLSA.

F.   Whether Defendants can meet their burden to establish that Plaintiff was exempt from overtime pursuant to the FLSA's "executive" exemption during every work week between January 2007 and December 2007.

G.   Whether Defendant MATTHEW BRENNER is an employer within the meaning of the FLSA.

H.   As a salaried employee, did JUAN F. RAMOS maintain his own daily start and stop times, and number of hours worked between January 2007 and December 2007?  **[Plaintiff's position: Plaintiff maintains that this is not an issue of fact that remains to be litigated because Plaintiff has no duty to maintain these records.]**

7.   **A Concise Statement of Issues of Law to Which There is Agreement**

A.   That this Court has subject matter jurisdiction over this action.

B.   Section 207(a)(1) of the FLSA prohibits an employer from subjecting a non-exempt employee to a work week consisting of more than Forty (40) hours of compensable time without receiving compensation at a rate not less than one and one-half times the regular rate at which he is employed.

C.   Section 203 of the FLSA defines an enterprise, in part, as having two (2) or more employees engaged in commerce or production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. **[Plaintiff's position: Plaintiff maintains that this issue was resolved in the Court's Order on Cross-Motions for Summary Judgment when it**

**ruled that Defendants were an enterprise, subject to FLSA coverage for the year 2007.  D.E.#51].**

D.      GOODFELLAS BROOKLYN'S FINEST PIZZERIA, LLC was an enterprise within the meaning of 29 U.S.C. §203 during the calendar year 2007. **[Defendants position: Defendants maintain that the Court only ruled on the elements of enterprise coverage presented in their Motion for Summary Judgment, and thus this element of enterprise coverage is still at issue].**

E.      Plaintiff has the burden to prove at trial whether Plaintiff is entitled to any overtime wages during each work week between January 2007 and December 2007, pursuant to the FLSA by a preponderance of the evidence standard.

F.      Section 213(a) of the FLSA provides for an exemption from the law's overtime requirements for an employee who works in a bona fide "executive" capacity.

G.      Defendants have the burden to prove at trial whether Plaintiff was "exempt" under the FLSA's "executive" exemption during each work week between January 2007 and December 2007.

**8.      Concise Statements of Issues of Law Which Remain for Determination by the Court**

A.      If Plaintiff proves an entitlement to recover unpaid overtime wages, whether Defendants can establish a legal basis to avoid the imposition of liquidated damages.

B.   If Plaintiff prevails at trial, he is entitled to recover his reasonable attorneys' fees and costs incurred in this action pursuant to 29 U.S.C. §216(b) in an amount to be agreed to by the parties or determined by the Court. **[Defendant's position:   Defendants object and dispute that even if Plaintiff prevails at trial, Plaintiff is not entitled to recovery of reasonable attorneys' fees and costs under 29 U.S.C. §216(b) and under prevailing party case law because Plaintiff cannot win on a significant issue pursuant to the Court's February 4, 2009 Order on Cross-Motions for Summary Judgment.  (D.E. 51).]**

C.   If Defendants prevail at trial, whether they are entitled to recover their reasonable attorney's fees and costs incurred in this action pursuant to 29 U.S.C. § 216(b) in amounts to be agreed to by the parties or determined by the Court in accordance with the 'prevailing party' principle.  **[Plaintiff objects to the inclusion of 8B as there is no provision under the FLSA or any other governing law for Defendants to recover attorneys' fees as Defendants contend].**

D.   If Plaintiff prevails at trial, will Plaintiff be entitled to collect in light of two (2) separate Offers of Judgment that have been offered pursuant to Fed.R.Civ.P. 68.  **[Plaintiff objects to the inclusion of 8C as it as not stipulated to nor an accurate recitation of the law governing this action].**

E.   Whether Plaintiff has failed to comply with the Court's February 19, 2009 Order [D.E. #71] regarding the production of discovery and the manner by

which the Order will be complied.  **[Plaintiff objects to the inclusion of 8D and respectfully submits that this is neither an issue of law nor a matter of compliance with the Court's Pre-Trial Stipulation Requirements].**

9.    **Each Party's Numbered List of Trial Exhibits with Objections, if any.**

    A.    Plaintiff's List of Trial Exhibits is attached hereto as Exhibit "A."

    B.    Defendants' List of Trial Exhibits is attached hereto as Exhibit "B."

10.   **Each Party's Numbered List of Witnesses.**

    A.    Plaintiff's Trial Witnesses.  <u>See</u> Exhibit "C."

    B.    Defendants' Trial Witnesses.  <u>See</u> Exhibit "D."

11.   **Estimated Trial Time.**

The parties estimate that trial will take two (2) to three (3) days.

12.   **Estimate of Attorneys' Fees and Costs to Prevailing-Plaintiff.**

Plaintiff will seek attorneys' fees pursuant to the Lodestar method, plus the costs of maintaining this action, as the prevailing party under 29 U.S.C. §216.  Plaintiff estimates that his attorneys' fees and costs through trial will be between approximately $50,000.00 and $60,000.00.  **[Defendants object to Plaintiff being entitled to attorneys fees even if he prevails at trial because Plaintiff is not entitled to recovery of reasonable attorneys' fees and costs under 29 U.S.C. §216(b) and under prevailing party case law because Plaintiff cannot win on a significant issue pursuant to the Court's February 4, 2009 Order on Cross-Motions for Summary Judgment**.  **(D.E. 51).]**

Defendants will seek attorneys' fees plus the costs of maintaining this action as the prevailing party under 29 U.S.C. §216 and in prevailing party case law based upon Defendants position that this matter was brought in bad faith.  Defendants' attorneys fees are approximately $50,000.00 and $60,000.00.  **[Plaintiff objects to Defendants being entitled to attorney's fees and costs because 29 U.S.C. §216 does not contain a provision, nor does governing law, for an award of attorney's fees to Defendants.]**

RESPECTFULLY SUBMITTED, this 20th day of February, 2009.

<div style="display:flex">

**SHAVITZ LAW GROUP, P.A.**
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Tel: 561-447-8888
Fax: 561-447-8831
E-mail:  kstern@shavitzlaw.com

s/**KEITH M. STERN**
KEITH M. STERN
Fl. Bar No.: 321000

**FEINGOLD & KAM**
5100 PGA Boulevard, Second Floor
Palm Beach Gardens, FL 33418
Tel: 561-630-6727
Fax: 561-630-8936
E-mail:  david@fkfirm.com

s/**DAVID JON FEINGOLD**
DAVID JON FEINGOLD
Fl. Bar No.:  0892823
ADAM R. SCHLOSS
Fl. Bar No.: 0042161
DAVID A. ROLLING
Fl. Bar No.: 0056968

</div>