UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61240-CIV-COOKE/BANDSTRA

JUAN F. RAMOS, on his own behalf and
others similarly situated,

    Plaintiffs,

vs.

GOODFELLAS BROOKLYN'S FINEST
PIZZERIA, LLC, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court on Plaintiff's Motion for Attorney's Fees and Costs (D.E. 95) filed on April 2, 2009. On May 4, 2009, this matter was referred to United States Magistrate Judge Ted E. Bandstra by the Honorable Marcia G. Cooke for appropriate resolution in accordance with 28 U.S.C. § 636(b). Accordingly, the undersigned has reviewed this motion, the response and reply thereto, the court file, supporting affidavits and other documentation and applicable law. Based on that review, the undersigned respectfully recommends that Plaintiff's Motion for Attorney's Fees be GRANTED in the amount of $31,247.10, representing an award of $27,979.10 in attorney's fees and an award of $3,268.00 in costs.

## BACKGROUND

On August 4, 2008, Juan F. Ramos ("plaintiff") commenced this action by filing a Complaint against Goodfellas Brooklyn's Finest Pizzeria, LLC, and Matthew Brenner

(jointly "defendants") alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et seq.* Defendant Goodfellas Brooklyn's Finest Pizzeria, LLC ("Goodfellas") is a Florida limited liability company that owns and operates one or more businesses in Broward County, Florida, and defendant Matthew Brenner is an alleged owner or manager of the company. Plaintiff was employed by Goodfellas as a cook from September 1, 2006 until late December 2007, when he was terminated. Plaintiff alleged that during the course of his employment he routinely worked in excess of forty hours per week and that defendants failed to compensate him at the statutory rate of time and one-half for those hours as required by the FLSA. Based on these and other allegations, plaintiff brought this action against his former employer seeking overtime compensation and liquidated damages for failure to pay overtime wages as required by the FLSA, 29 U.S.C. §207.

On August 27, 2008, defendants filed a motion to dismiss and alternative motion for summary judgment, essentially arguing that plaintiff failed to allege and/or establish that Goodfellas is an enterprise covered by FLSA. Both motions were denied on October 15, 2008. Specifically, the Court found that plaintiff had sufficiently alleged the interstate commerce and gross annual sales volume requirements for enterprise coverage under the FLSA so that there was no basis for dismissal. The Court further denied summary judgment without prejudice, as premature, on the basis that there had been no discovery on the motion's central issue, *i.e.,* whether Goodfellas qualified as an "enterprise" under the FLSA.

On October 29, 2008, defendants served plaintiff with an offer of judgment in the

sum of $2,000.00, plus an additional $2,000.00 for attorney's fees in settlement of all claims. Plaintiff declined the offer and discovery ensued.

On December 3, 2008, defendants filed their second motion for summary judgment, arguing that there were no genuine issues of material fact so that they were entitled to judgment as a matter of law. Specifically, defendants argued that plaintiff met the definition of an employee employed in a "bona fide executive capacity" and, thus, was except from the overtime wage provisions of the FLSA. In addition, defendants argued that they had not engaged in "commerce" as defined by the FLSA so that they were not liable for violating the Act's overtime wage provision.

On December 22, 2008, plaintiff filed his cross-motion for partial summary judgment arguing that he was entitled to summary judgment with respect to his overtime compensation based on evidence establishing that Goodfellas was a covered "enterprise" in 2007 in view of its gross revenue for that year, and its use of goods and materials manufactured outside of Florida. In addition, plaintiff argued that the evidence failed to establish that plaintiff fell within the FLSA "executive" exemption.

On February 4, 2008, this Court granted defendants' motion for summary judgment to the extent that it found no enterprise liability for the calendar year 2006 based on the undisputed evidence establishing that Goodfellas' annual gross volume of sales was less than the $500,000 statutory minimum for that year. However, for the calendar year 2007, defendants conceded that they met the volume sales requirement so that the Court found that defendants were engaged in "commerce" or in the production of "commerce" for purposes of the FLSA. For that reason, plaintiff's motion for summary judgment was

granted to the extent that defendants were found to be an "enterprise" under the FLSA for 2007. The Court went on to deny both parties' cross-motions for summary judgment with respect to the issue of plaintiff's status as a "bona fide executive capacity" employee, finding material factual disputes.

On February 13, 2009, defendants served plaintiff with an amended offer of judgment in the total amount of $5,800.00 with no additional money for plaintiff's attorney's fees. Plaintiff declined this offer.

On February 23, 2009, plaintiff requested the Court to issue an Order directing the parties to attend a settlement conference before a United States Magistrate Judge in an effort to further explore a resolution of this case.[1] On February 25, 2009, this case was referred to United States Magistrate Judge William C. Turnoff who conducted a settlement conference on March 19, 2009 which resulted in a settlement of this case. The parties filed their Settlement Agreement and Release on April 2, 2009 which essentially provided that plaintiff would receive $2,000.00 in consideration of his claims for unpaid overtime wages and liquidated damages with the Court determining plaintiff's entitlement to attorney's fees and costs and the reasonable amount of any such fees and costs. The settlement agreement was approved and adopted by the Court on May 1, 2009 and this case was dismissed.

On April 2, 2009, plaintiff filed the instant motion for attorney's fees and costs raising the issues discussed below.

---

[1]The parties previously attended a court-ordered mediation on December 10, 2008 which resulted in an impasse.

## FINDINGS AND CONCLUSIONS

A. Entitlement to Award

Plaintiff seeks an award of attorney's fees in the amount of $39,692.00 and costs in the amount of $3,268.00 under the FLSA, 29 U.S.C. § 216(b), as the prevailing party in this litigation. Section 216(b) provides, in relevant part: "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. . . ." 29 U.S.C. § 216(b). An award of attorney's fees is mandatory under this provision. See Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985). Plaintiff claims that due to the settlement, he is the prevailing party entitled to reasonable attorney's fees and costs.

Defendants dispute plaintiff's entitlement to fees and costs based on their contention that plaintiff's prosecution of this case was primarily motivated by the claim for attorney's fees as evidenced by his rejection of two offers of judgment and the continued pursuit of this matter. Defendants further argue that plaintiff is not the prevailing party due to the limited success he achieved as demonstrated by the partial granting of summary judgment in defendants' favor. In addition, defendants contend that the requested amount of attorney's fees is excessive in view of the relative simplicity of this case. Finally, defendants contend that plaintiff's counsel failed to exercise proper billing judgment in that a significant portion of the attorney hours expended appear to be duplicitous of work from previous cases.

Reviewing the positions of the parties and applicable law, the undersigned begins by noting that in Buckhannon Board and Care Home Inc. v. West Virginia Dep't of Health

& Human Resources, 532 U.S. 598, 603-04 (2001), the Supreme Court held that in order to have "finally prevailed," a party must have obtained either a judgment on the merits or reached a settlement agreement that was enforced through a consent decree. Buckhannon, 532 U.S. at 607. A prevailing party, however, does not exist simply "because the lawsuit brought about a voluntary change in the defendant's conduct." Id. at 600. The Court went on to explain that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." Id. at 605. Nevertheless, a court's approval of a settlement or retention of jurisdiction to enforce a settlement is a judicially sanctioned change in the legal relationship of the parties. See American Disability Assoc. V. Chmielarz, 289 F.3d 1315, 1320 (11th Cir.2002).

In this case, the May 1, 2009 Order approved the settlement and specifically reserved the right enforce the terms of the settlement and address plaintiff's entitlement to an award of attorney's fees. Moreover, plaintiff obtained relief in amount of $2,000.00 for his alleged unpaid overtime wages and liquidated damages claim. Accordingly, the undersigned finds that plaintiff is the prevailing party entitled to an award of attorney's fees and costs under 29 U.S.C. §216(b).

B. Amount of Attorney's Fees

Defendants argue that the Offers of Judgment they served on October 29, 2008 and February 13, 2009 were sufficient to settle this case without further need of this Court's intervention thereby demonstrating that plaintiff's counsel significantly contributed to the unnecessary length and increased fees and costs of this litigation. In defendants'

view, plaintiff's requested fees and costs totaling in excess of $42,000.00 is extremely excessive. Defendants suggest an award of $800.00, representing 40% of plaintiff's settlement proceeds, as a reasonable award.

Addressing the issue, the undersigned recognizes that consideration of the Rule 68 offer of judgment is appropriate in determining the reasonableness of an attorney's fee award. See Wales v. Jack M. Berry, Inc., 192 F.Supp.2d 1313. Thus, "[w]hen a plaintiff rejects a Rule 68 offer, the reasonableness of an attorney fee award under the FLSA will depend, at least in part, on the district court's consideration of the results the plaintiff obtained by going to trial compared to the Rule 68 offer." Id., quoting Haworth v. Nevada, 56 F.3d 1048, 1052 (9th Cir. 1995). This application of Rule 68 has the beneficial effect of encouraging settlement of cases that should be settled when reasonable settlement offers are made. Haworth at 1052. Moreover, this principle is consistent with the Supreme Court's reasoning in Hensley v. Eckerhart, 461 U.S.424, 436, 103 S.Ct. 1933 (1983), which stated that in determining a reasonable attorney's fee, "the most critical factor is the degree of success obtained." Id.

Consideration of the principles of Rule 68 is made difficult by the circumstances of this case. The October 29, 2008 offer of judgment in the amount of $2,000.00, plus an additional $2,000.00 for attorney's fees, was significantly less than plaintiff's assessed value of his overtime claim ($6,500.00-$7,500.00) and failed to cover plaintiff's accrued attorney's fees and costs as of that date. Thus, plaintiff's rejection of that offer appears to have been appropriate. Subsequent compromise settlements proposed by plaintiff to defendants were rejected and litigation continued on a myriad of issues resulting in

increased attorney's fees and costs. Defendant's February 13, 2009 offer of judgment in the total amount of $5,800.00 with no additional breakdown or specific provision for attorney's fees clearly did not cover plaintiff's accrued attorney's fees thereby suggesting it may not have been a good faith effort to settle the entire case. These circumstances militate against giving too much weight to plaintiff's failure to accept the Rule 68 offers in this case.

Nevertheless, plaintiff only received limited success on his claim as evidenced by the summary judgment decision finding that Goodfellas was not a covered enterprise for the calendar year 2006. Moreover, plaintiff eventually settlement for $2,000.00 with the Court to determine a reasonable attorney's fee is not significantly more than the October 29, 2008 offer of judgment in view of the attorney's fees accrued to that date. Accordingly, these circumstances will be considered in determining the reasonableness of the requested fee.

In calculating a reasonable attorney's fee, the Court must consider the number of hours expended in prosecuting this action, together with the customary fee charged in this community for similar legal services. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar." Under certain circumstances such as the offer of judgment issue discussed above, the lodestar may be adjusted in order to reach a more appropriate attorney's fee. See Blum v. Stetson, 465 U.S. 886, 888, 104 S.Ct. 1541, 1544 (1984).

In this case, plaintiff requests attorney's fees totaling $39,692.00 based on 186.12

hour of attorney time incurred in the prosecution of this case by plaintiff's lead counsel and several associates.

1. Hourly Rate

The Court must first evaluate plaintiff's requested fee in terms of the appropriate hourly rate. The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541 (1984). The fee applicant bears the burden of establishing the reasonableness of the requested hourly rate. See Norman at 1299 (citing NAACP v. City of Evergreen, 812 F.2d 1332 (11th Cir. 1987)).

Here, plaintiffs seek an hourly rate of $265.00 for the services of their primary attorney, Keith Stern, claiming that this rate is reasonable based on prevailing market rates in this community and Mr. Stern's skill, reputation and experience in the area of FLSA litigation. Plaintiff further requests $300.00 per hour for the services provided by Hal Anderson, Esq. and $180.00 per hour for the services of Michael L. Scheve, Esq., a second year associate. In addition, plaintiff requests an hourly rate of $100.00 for the services of four paralegals.

Having considered plaintiffs' attorneys' verified application for fees, the affidavit of Robert Norell, Esq., the documentary evidence and pleadings of record, counsels' reputation and experience in the area of the FLSA, and the Court's familiarity with FLSA litigation and attorneys' fees in general, the undersigned finds that the requested hourly rates of $180.00 for Mr. Scheve and $265.00 for Mr. Stern are reasonable and consistent with previous fee awards in this district. The undersigned further finds that $265.00 per

hour is also appropriate for the services of Mr. Anderson who only worked on this case for 3.3 hours by participating in the on-site inspection and related tasks concerning defendants' premises. However, the undersigned that the requested hourly rate of $100.00 for paralegal services is excessive given the substance of their work. Moreover plaintiff has failed to provide this Court with any information concerning any of the paralegals training and experience. Accordingly, the undersigned awards $50.00 per hour for paralegal services.

2. Hours Reasonably Expended

This Court must next evaluate plaintiffs' requested fee for reasonableness in terms of the total hours expended by plaintiffs' counsel. Plaintiffs' report reflects 104.80 hours for the work of Mr. Stern, 3.3 hour for the work of Mr. Anderson, and 39.10 hours for the work of Mr. Scheve. The billing records further reflect 39.92 hours of paralegal time. Plaintiff supports his fee request by submitting the time records for the law firm which summarize the work performed, the date of performance and the number of hours worked for each listed task. See Plaintiff's Motion for Attorney's Fees, D.E. 95, Exh. B.

Defendants seek a substantial reduction in the claimed attorney's fee, arguing that counsels' claimed hours are "incomprehensible" and "unfathomable" in that counsel seeks to recover fees for time spent on issues previously addressed in other "simple wage and hour" cases. Defendants further maintain that plaintiff is precluded from recovering time spent in litigating unsuccessful claims and/or issues, namely; that Goodfellas was not a covered enterprise under the FLSA for the calendar year 2006. Surprisingly, defendants failed to challenge the reasonableness of any specific time entry.

In reviewing a claim for hours reasonably expended, this Court must exercise its independent judgment. See Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1301-02 (11th Cir. 1988). The Supreme Court has emphasized the importance of keeping accurate and current records of work done and time spent on a case, particularly when someone other than the client may pay the fee. See Hensley, 461 U.S. at 433. The court may reduce the number of hours for which fees will be awarded if there is inadequate documentation, or if the court finds the claim for hours is "excessive or unnecessary." Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985). Also within a district court's discretion is the ability to exclude attorney's fees which are attributable to time spent on unsuccessful claims that are not inextricable intertwined with the successful claims. See Popkin v. City of Kennesaw, 820 F.2d 1570 (11th Cir. 1987).

Upon independent review of counsels' fee affidavits and the submitted time/billing records, the undersigned finds that a significant reduction in the claimed attorney's fees is warranted due to counsels' failure to exercise proper billing judgment. Specifically, the Court finds that counsel's time records are replete with excessive, bulk and non-compensable time entries with respect to the paralegals' time. With regard to the activities performed by paralegals, the general rule is that where the work performed is that normally performed by an attorney, paralegal time may be included as part of an attorney's fee award. See Jean v. Nelson, 863 F.2d 759, 778-80 (11th Cir. 1988). However, . . . "an attorney should not bill for . . . paralegal time when the tasks involved are of a secretarial nature." Rein ex rel. Rein v. Secretary of Dept. of Health and Human

Services, 2007 WL 5171596, *1(Fed.Cl. Feb. 14, 2007). See also Inman v. Apfel, 2000 WL 1221858, *2 (M.D. Fla. Jul. 14, 2000) ("tasks of a clerical nature are not compensable as attorney's fees").

Here, a significant portion of the paralegal time entries consist of non-legal work such as filing, bate stamping, scanning, faxing and locating documents. Other non-compensable and excessive time was expended on telephone calls regarding scheduling mediation, depositions and inspections. Moreover, plaintiff should not be compensated in attorney fees for hours expended by paralegals on translations. Accordingly, the undersigned finds that a 50% reduction in the claimed paralegal fees is warranted based on the performance of non-legal tasks and excessive time.

The undersigned further finds that a 25% reduction in Mr. Stern's and Mr. Scheve's hours is warranted due to the unsuccessful result they achieved in litigating plaintiff's overtime compensation for the calendar year 2006. This finding is further supported by plaintiff's limited monetary recovery on his FLSA claim in view of the offers of judgments.

Considering these factors, the undersigned reduces the paralegal hours to 19.96 (50% of 39.92). The undersigned further reduces Mr. Stern's and Mr. Scheve's total hours by an additional 25% to 107.92 hours (25% of 143.90) for the limited success they achieved in this lawsuit. Finally, the undersigned finds the 3.3 hours incurred by Mr. Anderson are reasonable.

Recalculating the requested fee, the Court computes the lodestar amount as $27,979.10, representing 78.60 hours expended by Mr. Stern and 3.3 hours expended by Mr. Anderson at $265.00 per hour, 29.32 hours expended by Mr. Scheve at $180.00

per hour, and 19.96 hours incurred by their paralegals at $50.00 per hour.

Finally, the undersigned finds that plaintiff's requested costs in the amount of $3,268.00 for filing fee, process server fees, delivery costs, mediation fees, court reporter costs and translation fees are reasonable and recoverable litigation expenses.

## RECOMMENDATION

For all the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Motion for Attorney's Fees and Costs be GRANTED in the amount of $31,247.10 representing an award of $27,979.10 in attorney's fees, and an award of $3,268.00 in costs.

The parties may serve and file written objections to this Report and Recommendation with the Honorable Marcia G. Cooke, United States District Judge, within ten (10) days of receipt. See 28 U.S.C. §636(b)1)c); United States v. Warren, 687 F.2d 347 (11th Cir. 1982); cert. denied, 460 U.S. 1087 (1983); Hardin v. Wainwright, 678 F.2d 589 (5th Cir. Unit B 1982); see also Thomas v. Arn, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 26th day of May, 2009.

                                                           Ted E. Bandstra
                                    United States Magistrate Judge

Copies furnished to:
Honorable Marcia G. Cooke
Counsel of record