IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-61240-CIV COOKE/BANDSTRA

JUAN F. RAMOS,

    *Plaintiff*,

v.

GOODFELLAS BROOKLYN'S FINEST
PIZZERIA, LLC, *et al.*,

    *Defendants*.

_____/

## ORDER ON MOTION FOR ATTORNEY'S FEES

**THIS MATTER** is before the Court upon Plaintiff's Motion for Attorney's Fees and Costs [DE 95]. The Motion was referred to Magistrate Judge Ted E. Bandstra for a Report and Recommendation. *See* DE 99. Judge Bandstra issued his Report on May 26, 2009 [DE 100] recommending awarding attorney's fees and costs totaling $31,247.10. That amount represents 100% of the requested costs, but a reduction of nearly 28% from $38,756 in claimed fees. Upon *de novo* review of the record and Judge Bandstra's Report, I agree that Plaintiff is entitled to $3,268 in costs, but I cannot agree that Plaintiff's Counsel is entitled to the recommended reduced fee award of $27,979.10.

Under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), a Court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a *reasonable* attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b) (emphasis added). In calculating a reasonable fee, the Court should first multiply the number of hours reasonably expended on the litigation by the reasonable hourly rate. *See Azam-Qureshi v. The Colony Hotel, Inc.*, 540 F. Supp. 2d. 1293, 1296 (S.D. Fla. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 124, (1983)). The resulting amount is the lodestar figure which can be adjusted, upward or

downward, by the Court.  Often, the Court will consider the following twelve factors in adjusting the lodestar amount:  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases.  *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

Here, the time and labor required should have been minimal.  Had this Case been settled upon the October 29, 2008 first offer of judgment, which would have resulted in the same award to Plaintiff as the final settlement, no work would have been expended by either side on the Motions for Summary Judgment which were filed over a month after the offer of judgment.  I recognize that neither Plaintiff nor Plaintiff's Counsel was strictly obligated to accept either this offer of judgment or the second offer, tendered in February 2009.  *Cf. Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1325 (M.D. Fla. 2001) ("[w]hen a plaintiff rejects a Rule 68 offer, the reasonableness of an attorney fee award under the FLSA will depend, at least in part, on the district court's consideration of the results the plaintiff obtained by going to trial compared to the Rule 68 offer.") (quoting *Haworth v. Nevada*, 56 F.3d 1048, 1052 (9th Cir.1995).  Given the final settlement, however, it is clear that the prudent and reasonable course of action would have been to accept either offer of judgment as settlement of Plaintiff's claims and leave to the Court the matter of attorney's fees.

Moreover, the Supreme Court has made plain that in determining reasonable attorney's fees, "the most critical factor is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S.

at 436. Here, according to Plaintiff's Statement of Claim, he was owed between $6,500 and $7,500 in unpaid overtime wages, plus an equivalent amount in liquidated damages. This means that, on the low-end of Plaintiff's claims he was owed $13,000, and on the high-end, $15,000. Yet, the settlement resulted in only $2,000, or 15.38% of the low-end and 13.33% of the high-end, respectively. Exclusive of liquidated damages, Plaintiff's recovery was approximately 30% of the low-end and 26% of the high-end. Plaintiff's own motion for fees indicates that this result cannot be considered particularly successful. *See* Plaintiff's Motion for Attorney's Fees and Costs, DE 95, (tempering the success and entitlement to fees with case citations and quotations reenforcing the mandatory award of fees even where only nominal damages or some relief is awarded to Plaintiff). Further, the $38,756 sought for just attorney's fees is 19.378 times greater than the amount Plaintiff recovered. By any measure, this figure is beyond the range of reasonableness. *See Wales*, 192 F. Supp. 2d at 1328 (examining cases which compared the amount recovered to the amount sought for fees and finding a 67% reduction in fees was warranted); *see also Popham v. City of Kennesaw,* 820 F.2d 1570, 1578-82 (11th Cir. 1987) (affirming the district court's reduction of attorney's fees by 67% where the amount received was only a small percentage of the damages sought); *Reyes v. Falling Star Enter. Inc.*, Case No. 04-cv-1648-Orl-KRS, 2009 WL 2927553 (M.D. Fla. Oct. 12, 2006) (50% reduction of lodestar due to limited success); *Powell v. Carey Int'l, Inc.*, 547 F. Supp. 2d 1281 (S.D. Fla. 2008) (67% reduction for limited results compared to awards sought).

I agree with Judge Bandstra's recommendations regarding the appropriate hourly rates for Plaintiff's attorneys, and the reduction of the hourly rate for paralegals from $100 per hour to $50 per hour. Additionally, I agree with Judge Bandstra's recommended reduction of reasonable hours for Mr. Stern and Mr. Sheve, as well as the paralegals. However, Judge Bandstra's reduction of fees by 25% does not adequately reflect the limited success Plaintiff had and the

excessive difference between Plaintiff's recovery and the requested attorney's fees.  Upon review of the entire record, consideration of the relevant *Johnson* factors, and in the application of my discretion, I find that Judge Bandstra's recommended reduced fee award of $27,979.10 should be further reduced by 50% due to limited success.

Accordingly, it is hereby **ORDERED and ADJUDGED** that

(1) Judge Bandstra's Report and Recommendation [DE 100] is **ADOPTED in part and REJECTED in part** as follows:

>
> the Court counts toward fees 78.60 hours expended by Mr. Stern at $265.00 per hour;
>
> the Court counts toward fees 3.3 hours expended by Mr. Anderson at $265.00 per hour;
>
> the Court counts toward fees 29.32 hours expended by Mr. Sheve at $180.00 per hour;
>
> the Court counts toward fees 19.96 hours expended by the various paralegals at $50.00 per hour.

(2) The modified lodestar amount of $27,979.10, as calculated using the above figures, is further reduced by 50% to $13,989.55 due to limited success.

(3) Plaintiff shall recover from Defendants attorney's fees in the amount of $13,989.55 and costs in the amount of $3,268.00.

(4) Plaintiff's Motion for Attorney's Fees and Costs [DE 95] is **GRANTED in part and DENIED in part**, consistent with this Order.

(5) Defendants' Motions for Hearing on this matter [DEs 103,107] are **DENIED *as moot*.**

**DONE AND ORDERED** in chambers in Miami, Florida, this 16th day of July 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon Ted E. Bandstra*
*Counsel of Record*